UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALINE MUHSSEN,

    Plaintiff,

v.                                              Case No.: 2:25-cv-609-SPC-KCD

KEY WEST EXPRESS, LLC,

    Defendant.

## OPINION AND ORDER

Before the Court is Defendant Key West Express, LLC's Motion to Dismiss Plaintiff's Complaint. (Doc. 17). Plaintiff Aline Muhssen responded in opposition. (Doc. 18). For the below reasons, the Court denies the motion.

### Background[1]

This is an admiralty case. In April 2024, Plaintiff was a passenger on the Key West Express ferry. During the trip from Fort Myers to Key West, the seas became rough, and the weather was windy. According to Plaintiff, she was not warned that the weather would make the voyage dangerous and hazardous. Several hours into the trip, Plaintiff was on the stern exterior deck of the vessel to get air. The ferry pitched and rocked. Plaintiff held the rail

---

[1] The Court accepts the well-pleaded facts in the Complaint (Doc. 1) as true and construes them in the light most favorable to Plaintiff. *See United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012).

with both hands, but at one point, the vessel pitched. Plaintiff could not hold onto the railing and fell to the deck, injuring herself. Plaintiff disembarked in Key West and went to a hospital for emergency medical treatment.

Based on these facts, Plaintiff brings claims for negligent operation of the ferry (count I) and negligent failure to warn (count II). (Doc. 1). Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the statute of limitations. (Doc. 17).

**Legal Standard**

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

## Analysis

Defendant argues that this case is barred by the statute of limitations. (Doc. 17). For support, Defendant points to the ticket Plaintiff purchased, which purportedly included a one-year limitations provision, and the Declaration of Linda Miller, a general manager of Key West Express LLC. (Doc. 12-1). The Complaint does not reference the ticket, Miller, or her declaration. (Doc. 1; Doc. 18 at 1). Defendant anticipates Plaintiff's argument (Doc. 18) that the Court cannot consider these extrinsic documents under Rule 12(b)(6). So it alternatively asks the Court to "treat this motion to dismiss as a motion for summary judgment to the extent Plaintiff may raise fact issues outside the pleadings and ticket contract to defend against the limitations period." (Doc. 17 at 4). *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267–68 (11th Cir. 2002) ("Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is thereby converted into a Rule 56 Summary Judgment motion.").

The Court declines to do so. Federal Rule of Civil Procedure 12(d) does not require the Court to treat the motion to dismiss as a motion for summary judgment. Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a

3

> reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). The rule is conditional; the Court need not allow or consider matters outside the pleadings, and it need not convert the motion to one for summary judgment. In fact, the Court should not do so where the record has not been sufficiently developed, and the parties have not had sufficient notice. *See, e.g., Jozwiak v. Stryker Corp.*, No. 09-1985-CIV, 2010 WL 743834, at *4 (M.D. Fla. Feb. 26, 2010) (observing that "a motion to dismiss should only be treated as one for summary judgment if the record is fully developed and the non-moving party was given adequate notice of the court's decision.") (citing *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196, 1202 (11th Cir. 2003)).

The Court finds that converting the motion to dismiss to a motion for summary judgment at this point of the litigation would be inefficient under these circumstances. Under general maritime law, a ticket contract provision is valid and enforceable provided that it is reasonably communicated to the passenger in the ticket contract. *See Roberts v. Carnival Corp.*, 824 F. App'x 825, 829 (11th Cir. 2020) (vacating order resolving limitations issue on a cruise ship ticket through a motion to dismiss without converting to summary judgment). The Eleventh Circuit applies "a two-factor test for reasonable communication, which evaluates (1) the physical characteristics of the clause

4

and (2) the passenger's opportunity to become meaningfully informed of the contract terms." *Id.* (cleaned up).

Here, even if the Court converted the motion to dismiss into a motion for summary judgment, there is no guarantee the case would end there. Plaintiff states in her response that she disputes that the shortened limitations period was reasonably communicated to her (because she bought the ticket over the phone) and has not had an opportunity to depose Miller or any corporate representative. (Doc. 18 at 4). In addition to ostensible factual disputes concerning the limitations period, it is reasonable to conclude there may be further factual disputes concerning the two negligence counts—in the event the limitations issue did not dispose of the case.

The Court will not decide a motion for summary judgment on such an undeveloped record and sees no benefit in converting this motion to one for summary judgment at such an early stage in the case. *See Mendoza v. Manymar Corp.*, No. 23-20388-CIV, 2023 WL 3043634, at *1 (S.D. Fla. Apr. 21, 2023) (citing *Gonzalez v. TRW Contracting, Inc.*, No. 09-23023-CIV, 2010 WL 11504808, at *1 (S.D. Fla. Feb. 8, 2010) (declining to convert motion to dismiss to motion for summary judgment based on evidence presented outside the pleadings and observing that "courts have discretion as to whether [to] consider matters outside the pleadings and convert 12(b)(6) motions.")).

5

Thus, the Court denies Defendant's motion to dismiss. Because the Court declines to convert the motion to dismiss to a motion for summary judgment, its decision is made without prejudice to Defendant's right to file a motion for summary judgment under Rule 56.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Dismiss (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on September 2, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record